# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON
*Electronically Filed*

| | |
|---|---|
| **KAREN ROUNDTREE,**<br><br>Plaintiff,<br><br>vs.<br><br>**AVI FOODSYSTEMS, INC. and CARMEN PULLENS,**<br><br>Defendants. | Case No._____<br><br>Judge _____<br><br>**Removed from:**<br><br>Commonwealth of Kentucky<br>Boone Circuit Court, Division 1<br>Civil Action No. 22-CI-00552 |

## NOTICE OF REMOVAL

Defendant AVI Foodsystems, Inc. ("AVI"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this lawsuit from the Commonwealth of Kentucky, Circuit Court of Boone County, Division 1, to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington. As grounds in support of removal, AVI states as follows:

1. On May 13, 2022, Plaintiff Karen Roundtree filed an action in the Boone Circuit Court of the Commonwealth of Kentucky entitled *Karen Roundtree vs. AVI Foodsystems, Inc. and Carmen Pullens*, Civil Action No. 22-CI-00552 (the "State Court Action"). Plaintiff's Complaint purports to assert claims against AVI for gender discrimination, sexual harassment, hostile work environment, retaliation, and negligence. It also attempts to state a claim for retaliation against Defendant Carmen Pullens.

2. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, and KCOJ eFiling Cover Sheet that Plaintiff served on AVI on June 13, 2022, are attached hereto, collectively, as **Exhibit A**. No other pleadings have been filed, entered, served or issued upon or by AVI at this time. Defendant Carmen Pullens has not been served.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty days of the initial receipt of the Summons and Complaint by AVI on June 13, 2022. AVI is the only defendant who has been served in this matter, and it consents to the removal of this action.

4. Under 28 U.S.C. § 1332(a), diversity jurisdiction exists where the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the dispute is between "citizens of different States." This Court has subject matter jurisdiction over this civil action because both requirements for diversity jurisdiction are satisfied.

**COMPLETE DIVERSITY BETWEEN PLAINTIFF AND DEFENDANTS**

5. As admitted in her Complaint, Plaintiff is a citizen of the Commonwealth of Kentucky. (Complaint at ¶ 5).

6. Contrary to the allegations in the Complaint, AVI is incorporated in Ohio, and it maintains a principal place of business in Warren, Ohio. (Declaration of Heather Migliozzi at ¶ 2, attached as **Exhibit B**). Thus, AVI is a citizen of Ohio. It is not a citizen of Kentucky.

7. Defendant Carmen Pullens resides in Cincinnati, Ohio. (Declaration of Carmen Pullens at ¶ 2, attached as **Exhibit C**). Thus, she is a citizen of Ohio. Pullens is not a citizen of Kentucky.

8. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants.

**THE AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS**

9. Although Plaintiff has not itemized a specific amount of alleged damages in her Complaint, AVI reasonably and in good faith believes that the amount in controversy herein exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a).[1]

10. Plaintiff's Complaint sets forth claims against Defendants for alleged violations of the Kentucky Civil Rights Act and negligent hiring, retention, and/or supervision. At a minimum, Plaintiff seeks to recover damages for alleged pain and physical suffering, emotional distress, embarrassment, humiliation, mental anguish, wage and benefit loss, punitive and exemplary damages, actual damages including compensatory damages, and attorneys' fees. (Complaint at ¶¶ 40-42 and Page 9).

11. Within the Complaint, Plaintiff has alleged that she was wrongfully terminated from her employment with AVI on November 1, 2021, and she seeks damages for "wage and benefit loss." (Complaint at ¶¶ 2; 29; 41). While AVI denies that Plaintiff's allegations are true and denies that she is entitled to any recovery, during her

---

[1] AVI denies that Plaintiff is entitled to any damages. As such, the calculations in this Notice of Removal pertain only to the amount that she has placed in controversy. Further, AVI provides the following amount in controversy calculations only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff in the Complaint, exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

- 3 -

employment with AVI, Plaintiff earned $17.17 per hour and worked on a full-time basis. (Migliozzi Dec. at ¶ 3). Accordingly, Plaintiff's annualized wages amount to $35,713.60. (*Id.*). Assuming this matter reaches a trial within 12 months of the date of removal, 20 months will have passed since Plaintiff's departure from AVI. At that point, her lost wages alone will total $59,522.67. This figure does not include the value of alleged lost benefits, nor does it include the other elements of damages that Plaintiff seeks.

12. Plaintiff also seeks damages for "psychological trauma," "physical suffering," emotional distress, embarrassment, humiliation, mental anguish, and compensatory damages stemming, *inter alia*, from an alleged sexual assault. (Complaint at ¶¶ 2; 23; 41 and Page 9). While AVI denies that Plaintiff's allegations are true and that she is entitled to any damages, recent emotional distress awards in Kentucky have ranged as high as $1,000,000 in a single-plaintiff wrongful termination action under the Kentucky Civil Rights Act. Judgment, *Turner v. Norton Healthcare, Inc.*, Case No. 11-CI-006125 (Jefferson Circuit Court, May 11, 2018). Here, allotting even 1/20th of that recovery premised on similar legal theories adds another $50,000 to the amount in controversy.

13. Plaintiff asserts several claims under the Kentucky Civil Rights Act, which provides for a reasonable award of attorneys' fees for a prevailing plaintiff. KRS § 344.450. As Plaintiff seeks recovery of attorneys' fees, this should be accounted for when calculating the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Carrollton Hospitality LLC v. Kentucky Insight Partners II LP*, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (slip copy) (holding that

estimated attorney fees of close to 50% of damages claimed is "not an unreasonable estimate" for purposes of determining the amount in controversy).

14.     While a plaintiff can recover well in excess of $100,000 in attorneys' fee awards for multiple claim matters such as this one, if this case proceeds to a trial, Plaintiff's attorneys' fees will undoubtedly exceed $50,000, which adds to the amount in controversy.

15.     Plaintiff also seeks to recover "punitive and exemplary" damages. (Complaint at ¶ 42).  While AVI disputes that Plaintiff is entitled to such damages, or any other relief, because Plaintiff seeks the recovery of punitive and exemplary damages in the Complaint, such request for relief adds to the amount in controversy.

16.     Based on the forgoing, at the time of trial, Plaintiff's lost wages will exceed $59,000.  Her alleged attorneys' fees will far exceed the remaining $16,000 gap between that figure and the jurisdictional threshold of $75,000.  On top of that, Plaintiff seeks recovery of punitive damages, exemplary damages, "psychological trauma," "physical suffering," emotional distress, embarrassment, humiliation, mental anguish, lost benefits, and other compensatory damages.  As such, it is more likely than not that the amount in controversy in this matter far exceeds $75,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

17.     Accordingly, pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this civil action because there is complete diversity between the parties

and the amount in controversy exceeds $75,000, exclusive of interest and costs. The United States District Court for the Eastern District of Kentucky, therefore, has original jurisdiction over this matter.

18. Consequently, this civil action may be properly removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446. This Notice of Removal has been signed by counsel for AVI in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

19. Pursuant to 28 U.S.C. §§ 97(a), 1391, and 1441(a) and Local Rule 3.1(a)(1)(B), venue is proper in the United States District Court for the Eastern District of Kentucky, Covington Division, insofar as AVI conducts business within Boone County, Kentucky, which is where it employed Plaintiff. Furthermore, Boone County, which is where the instant action was originally filed and where the purported events giving rise to this lawsuit allegedly occurred, is within the district and division embraced by this Court.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders submitted in the State Court Action are attached hereto, collectively, as **Exhibit D**. A completed Civil Cover Sheet accompanies this Notice of Removal.

21. True and correct copies of this Notice of Removal, with accompanying exhibits, and a Notice of Filing Notice of Removal in the State Court Action (**Exhibit E**) are being served upon Plaintiff, and, in accordance with the provisions of 28 U.S.C. § 1446(d), shall be filed with the Clerk of the Commonwealth of Kentucky, Circuit Court of Boone County, promptly after the filing of this Notice of Removal.

Wherefore, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, AVI removes this case from the Boone County Circuit Court of the Commonwealth of Kentucky to the United States District Court for the Eastern District of Kentucky, Covington Division.

This the 5th day of July, 2022.

/s/ Amanda L. Combs
Amanda L. Combs
ALCombs@littler.com
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, Kentucky 40507
Telephone: 859.317.7970
Facsimile: 859.201.1391

*Attorney for Defendant AVI*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this the 5th day of July, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system. I further certify that I served the foregoing upon the following via U.S. first class mail, postage prepaid, to:

Garry R. Adams
Abigail V. Lewis
Adams Landenwich Walton, PLLC
517 West Ormsby Avenue
Louisville, Kentucky 40203
*Attorneys for Plaintiff*

                        */s/ Amanda L. Combs*
                        Amanda L. Combs
                        *Attorney for Defendant AVI*

4857-9867-9844.4 / 056055-1218