# **EXHIBIT A**

## **Summons, Complaint, Civil Case Cover Sheet, & KCOJ eFiling Cover Sheet served on AVI on 6-13-22**



| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **22-CI-00552**<br>Court:   **CIRCUIT**<br>County: **BOONE** |

*Plantiff,* ROUNDTREE, KAREN VS. AVI FOODSYSTEMS, INC. ET AL, *Defendant*

TO: **AVI FOODSYSTEMS, INC.**
    **JOHN PAYIAVLAS OR ANTHONY PAYIAVLAS**
    **2590 ELM ROAD NE**
    **WARREN, OH 44483**

The Commonwealth of Kentucky to Defendant:
**AVI FOODSYSTEMS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David Martin, Boone
Circuit Clerk
Date: **6/9/2022**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 ____        _____
                                                                           Served By

                                                                                    _____
                                                                                     Title

Summons ID: 470141732020278@00001085377
CIRCUIT: 22-CI-00552 Certified Mail
ROUNDTREE, KAREN VS. AVI FOODSYSTEMS, INC. ET AL



Page 1 of 1

**eFiled**

Package: 000002 of 000012
Presiding Judge: HON. RICHARD A. BRUEGGEMANN (654349)
Package : 000002 of 000012

COMMONWEALHT OF KENTUCKY
BOONE COUNTY CIRCUIT COURT
DIVISION _____
JUDGE _____
CASE NO. _____

KAREN ROUNDTREE                                                         PLAINTIFF

vs.                              **COMPLAINT**

AVI FOODSYSTEMS, INC.

Serve:   Jennifer L. Mahoney
         Registered Agent
         1969 International Way
         South Park Business, BLDG #1
         Hebron, KY 41048

and

CARMEN PULLENS, individually                                            DEFENDANTS

Serve:   Carmen Pullens
         AVI Foodsystems, Inc.
         1969 International Way
         South Park Business, BLDG #1
         Hebron, KY 41048

* * * * * * *

Comes the Plaintiff, Karen Roundtree, by and through counsel, and for her Complaint against the Defendants AVI Foodsystems, Inc. (hereinafter "AVI") and Carmen Pullens (hereinafter "Pullens"), and states as follows:

**I. Introduction**

1.   Karen Roundtree worked for AVI as a cook from August 5, 2018 through November 1, 2021, the date of her wrongful termination. Karen Roundtree was an excellent employee that consistently worked in excess of 50 hours a week and never took a day off work.

2. Carmen Pullens, at all times relevant to this Complaint, was an employee of AVI and was the Plaintiff's supervisor and/or manager. Carmen Pullens terminated Karen Roundtree on November 1, 2021 in retaliation for reporting a sexual assault perpetrated on her by a coworker that occurred at AVI in the early morning of October 18, 2021, during her shift.

## II. Jurisdiction and Venue

3. That this action arises under the common law of Kentucky, as well as the Kentucky Civil Rights Act, KRS 344.010, *et seq.*, and jurisdiction is thereby conferred by state statutes.

4. That venue is proper with this Court because the complained of conduct occurred within Boone County, Kentucky and AVI's principal place of business is also within Boone County, Kentucky.

## III. Parties

5. Plaintiff Karen Roundtree is, and at all relevant times hereto, has been, a citizen of the Commonwealth of Kentucky, and employed by AVI as a cook. Karen Roundtrree falls within the definition of an employee under the Kentucky Civil Rights Act.

6. Defendant AVI Foodsystems, Inc. ("AVI") is a Kentucky corporation with a principal business address of 1969 International Way, South Business Park BLDG #1, Hebron, KY 41048. At all times mentioned herein AVI was responsible for the establishment of anti-harassment and anti-retaliation policies and was responsible for the employment, training, supervision and conduct of the officers and employees of AVI. AVI also had a legal duty to keep the employment environment at AVI free from sexual harassment, free from sexual assault and free from retaliation against those who were subjected to, witnessed and/or reported either

one. AVI employs a sufficient number of employees within the state of Kentucky to meet the definition of an employer under the Kentucky Civil Rights Act.

7. Defendant Carmen Pullens was at all times mentioned herein acting individually as Plaintiff's supervisor and/or manager at AVI, and as such established policies and was responsible for the employment, training, supervision and conduct of herself, and the employees under her supervision at AVI. Defendant Pullens had a legal duty not to retaliate against individuals making good faith reports of sexual harassment and/or sexual assault. Defendant Pullens is individually liable for retaliating against Roundtree pursuant to KRS 344.280.

## IV. Facts

8. In the early morning hours of October 18, 2021, a temporary worker named Hope arrived to work at AVI and appeared to be impaired and under the influence of alcohol, drugs or both. Chuck Hegland, one of Plaintiff's supervisors, recognized right away that Hope was a danger to herself or others.

9. In response to his and many others' observations of Hope's condition, Mr. Hegland brought the Hope situation to the attention of Brian Pleiman, District Manager. Mr. Hegland was very direct and told Mr. Pleiman that he needed to get rid of Hope and that something was clearly wrong with her.

10. Rather than protect the employees of AVI, Mr. Pleiman instructed Hope that she could continue working as long as she went out to her car to "sober up" for an hour.

11. Even though Hope was given that rather ill advised directive, she did not follow it and was back in the AVI business premises within approximately 5 minutes.

12. Shortly after her return, she walked up to the Plaintiff and aggressively penetrated the Plaintiff's anus with her two fingers. This event happened in front of co-worker Ellen Kunkel who watched Ms. Roundtree immediately run away.

13. Also on the floor at that time was Brian Pleiman, but the Plaintiff cannot attest as to whether Mr. Pleiman saw the event or not.

14. Due to the pain and humiliation, Karen immediately left work for the day and went home to process what had just happened to her at AVI.

15. The very next day, Karen tried to return to work despite what had happened the day prior. Ellen approached the Plaintiff at the beginning of her shift and apologized to her about what she witnessed. She also informed the Plaintiff that Hope had done the same thing to two other AVI employees.

16. A short time after the conversation with Ellen, Pullens and Erika Bussel, whom are both managers, approached the Plaintiff to get the full detail of what happened.

17. Ms. Roundtree, while crying, told her managers what happened the day prior.

18. At the conclusion of the conversation, the Plaintiff was promised that Hope would be immediately removed from the AVI business premises.

19. Not only was Hope not immediately removed, but the detail of this traumatic and personal event was obviously shared with the Plaintiff's other co-workers. AVI employees began to immediately snicker in the Plaintiff's presence.

20. Plaintiff approached Pullens about the repeated failure to remove Hope from the premises and Pullens responded flippantly, "do you want a cookie?"

21. Plaintiff immediately began to cry and Pullens blamed the failure to remove Hope on Pleiman and Erica Bussell.

22. The following morning, Hope was back at the business premise, looked at the Plaintiff, held her two fingers and started laughing loudly. This caused Plaintiff to retreat to her car in fear and her body was shaking and convulsing over her initial experience, AVI's repeated failure to protect her, and the continuous psychological trauma that these acts and omissions created.

23. While in her car, Pleiman called and admitted that he "dropped the ball" and that he will notify security and all employees at AVI that Hope is no longer allowed in the building. In response, the Plaintiff had just one simple ask: she wanted it in writing that Hope was to never come back. She informed several agents of AVI that she would not return to work until that was done. Mr. Pleiman was the first, but not the last to receive that request. Mr. Pleiman agreed to provide the Plaintiff in writing that Hope would never return to AVI.

24. Also while driving home, Pullens called and profusely apologized to the Plaintiff about what had happened. Pullens told the Plaintiff that she could take off from work and could take all of the time that she needed to gather herself to be able to return to work. Plaintiff told Pullens that she wanted something in writing that stated that Hope was never to return to AVI and as soon as she was provided that assurance in writing, Roundtree would return to work.

25. Pleiman also told Plaintiff that she would be getting paid time off during this ordeal.

26. The next call that Plaintiff received was from Heather Migliozzi from HR. Ms. Migliozzi informed Plaintiff that AVI was way behind on sexual harassment training and had actually not had any training since 2016. During the conversation Migliozzi was also rude and condescending and asked the Plaintiff why she would take off work for this. Plaintiff told

Migliozzi that she needed something in writing stating Hope would never return to AVI before she was comfortable to return.

27. After a few days off, Sylvester Carrick, another supervisor/manager at AVI called the Plaintiff. Sylvester wanted to know if she would be in the following day. Since the Plaintiff had still not received what she was promised in writing insuring her that Hope would not be there to torture her, she responded that she would not be there. Mr. Carrick reconfirmed what she had been previously told that she could take as much time as she needed.

28. On October 29, 2021, Ms. Migliozzi demanded to know what the Plaintiff was going to do about her employment, and she directed the Plaintiff to resign. She informed her that she was not going to resign. The Plaintiff was simply waiting for the assurances that she was promised which never came.

29. On or about November 1, 2021, Pullens terminated the Plaintiff by text and was told she had 24 hours to turn in her badge.

30. Pullens also threatened the Plaintiff that if she did not turn in that badge within 24 hours then $100 of her pay would be deducted for it. This threat was in direct violation of KRS 337.060.

### V. Causes of Action

#### COUNT I
#### VIOLATIONS OF KRS 344.010, *et seq.*

31. That Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every averment, allegation or statement contained in each of the previous paragraphs of this Complaint.

32. That Defendant AVI discriminated, harassed, and created a hostile work environment for Plaintiff, all of which is in violation of KRS 344, *et seq*. This discrimination, harassment and retaliation was because of the Plaintiff's gender, female and because of her sex.

33. That the sexual harassment to which Plaintiff was subjected occurred because of her gender/sex; had the effect of unreasonably interfering with the Plaintiff's work performance; and created an intimidating, hostile and offensive work environment and ultimately led to her wrongful termination. The Defendants are liable for this conduct pursuant to the theory of *respondeat superior* and are automatically or strictly liable for the conduct of its agents and subcontractors.

34. That the hostile work environment and retaliation is in violation of KRS 344.010, *et seq.*, and KRS 344.280 specifically, includes, but is not necessarily limited to, those incidents outlined above to which Plaintiff was subjected by Defendants. The retaliation claim under KRS 344.280 is brought against both Defendants, but is the only claim against Pullens. The retaliation included threats as well as her wrongful termination. KRS 344.280 imposes individual liability on persons like Pullens who retaliate against employees who make good faith reports of sexual harassment/sexual assault. Because of the Defendants' actions, the Plaintiff has been damaged in an amount above the jurisdictional limit of this Court.

## COUNT II
## NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION

35. That Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every averment, allegation or statement contained in each of the previous paragraphs of this Complaint.

36. That the Defendant AVI is absolutely responsible for hiring, bringing in, retaining and supervising individuals that could potentially harm any of its employees.

37.     Several agents of AVI more specifically identified above were put on notice of the dangerous condition that Hope was in on the day of the assault. Pleiman was directed to get rid of Hope and that something was wrong with her. Pleiman did neither and the injuries to the Plaintiff were foreseeable.

38.     Upon information and belief, AVI supervisors and managers were aware that Hope similarly digitally penetrated the anuses of two other employees prior to assault on the Plaintiff. Hope was not appropriate supervised, she was retained when she should not have been, which allowed her access to penetrate the Plaintiff sexually.

39.     For days after the incident, when several supervisors and managers knew that Hope had digitally penetrated at least three employees, AVI allowed Hope to work at AVI and further torture the Plaintiff adding to further emotional and psychological damage.

## VI. Damages

40.     That Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every averment, allegation or statement contained in each of the previous paragraphs of this Complaint.

41.     That as a direct and proximate result of the aforementioned conduct, Plaintiff has suffered great pain and physical suffering, emotional distress, embarrassment, humiliation, mental anguish as well as wage and benefit loss.

42.     That the aforementioned actions of the Defendants, as set forth in this Complaint, have been intentional, willful, reckless, outrageous, malicious, oppressive, fraudulent, and/or grossly negligent, entitling Plaintiff to punitive and exemplary damages against the Defendants, jointly and severally, in an amount to be determined by the evidence. The Plaintiff

acknowledges that she cannot recover punitive damages on her sexual harassment claim under KRS 344 et. seq. and is only seeking punitive damages on her other counts.

**WHEREFORE**, Plaintiff requests a trial by jury, and further requests she be awarded:

A) actual damages including compensatory damages;

B) punitive damages;

C) costs;

D) attorneys' fees;

E) pre- and post-judgment interest on all sums awarded; and

G) all other relief to which Ms. Roundtree is entitled under law or in equity.

Respectfully submitted,

/s/ *Garry R Adams*
GARRY R. ADAMS #88340
ABIGAIL V. LEWIS #98115
ADAMS LANDENWICH WALTON, PLLC
517 W. Ormsby Ave.
Louisville, KY 40203
(502) 561-0085
*Counsel for Plaintiff*

Filed    22-CI-00552    05/13/2022    David Martin, Boone Circuit Clerk

| AOC-104  Doc. Code: CCCS | | Case No. _____ |
|---|---|---|
| Rev. 12-20 | | Court  Circuit |
| Page 1 of 1 | | County  Boone |
| Commonwealth of Kentucky | | |
| Court of Justice    www.kycourts.gov | CIVIL CASE COVER SHEET | Division _____ |

Karen Roundtree                                                          **PLAINTIFF/PETITIONER**

VS.

AVI Foodsystems, Inc and Carmen Pullens                                  **DEFENDANT/RESPONDENT**

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
- ☐ Dissolution/Divorce with Children (DISSO)
- ☐ Dissolution/Divorce without Children (DISSO)
- ☐ Paternity (PA)
- ☐ Custody (CUSTO)
- ☐ URESA/UIFSA (UR)
- ☐ Visitation/Parenting Time (VISIT)
- ☐ Voluntary Termination of Parental Rights (TPR)
- ☐ Involuntary Termination of Parental Rights (TPR)
- ☐ Adoption (ADPT)
- ☐ Other: (DFOTH) _____

**TORT (Injury)**
- ☐ Automobile (AUTO)
- ☐ Intentional (INTENT)
- ☐ Malpractice-Medical (MDML)
- ☐ Malpractice-Other (MLOTH)
- ☐ Premises Liability (PREM)
- ☐ Product Liability (PROD)
- ☐ Property Damage (PD)
- ☐ Slander/Libel/Defamation (SLAND)
- ☐ Other: (PIOTH) _____

**CONSUMER**
- ☐ Seller Consumer Goods (DEBTG)
- ☐ Seller Consumer Services (DEBTS)
- ☐ Buyer Consumer Goods (BUYERG)
- ☐ Buyer Consumer Services (BUYERS)
- ☐ Credit Card Debt (CREDIT)
- ☐ Fraud (FRAUD)
- ☐ Other: (COOTH) _____

**PROBATE / ESTATE**
- ☐ Guardianship-Adult (GCADLT)
- ☐ Guardianship-Juvenile (GCJUV)
- ☐ Guardianship-Conservatorship (CONSVA)
- ☐ Probate-Testate (with a will) (PB)
- ☐ Probate-Intestate (without a will) (PB)
- ☐ Petition to Dispense with Administration (PB)
- ☐ Name Change (NC)
- ☐ Other: (PBOTH) _____

**REAL PROPERTY**
- ☐ Property Rights (PR)
- ☐ Condemnation (DOMAIN)
- ☐ Forcible Detainer (Eviction) (FD)
- ☐ Forcible Entry (FENTRY)
- ☐ Foreclosure (FCL)
- ☐ Other: (COOTH) _____

**APPEALS**
- ☐ Appeal from Administrative Agency (AB)
- ☐ Appeal from District Court (XI)
- ☐ Other: (OTH) _____

**MISC CIVIL**
- ☐ Habeas Corpus (HABEAS)
- ☐ Non-Domestic Relations Restraining Order (IP)
- ☐ Tax (TAX)
- ☐ Writs (WRITS)
- ☐ Other: (OTH) _____

**BUSINESS / COMMERCIAL**
- ☐ Business Tort (BCPI)
- ☐ Statutory Action (BCSA)
- ☐ Business Contract Dispute (BCCO)
- ☐ Other: (BCOTH) _____

**EMPLOYMENT**
- ☐ Employment-Discrimination (DSCR)
- ☒ Employment-Other (DISPU)  Retaliation

Presiding Judge: HON. RICHARD A. BRUEGGEMANN (654349)

Filed    22-CI-00552    05/13/2022    David Martin, Boone Circuit Clerk

David Martin, Boone Circuit Clerk
6025 Rogers Lane, Room 141
Burlington, KY 41005

AVI FOODSYSTEMS, INC.
JOHN PAYIAVLAS OR ANTHONY PAYIAVLAS
2590 ELM ROAD NE
WARREN, OH 44483



## KCOJ eFiling Cover Sheet

Case Number: 22-CI-00552

Envelope Number: 4701417

Package Retrieval Number: 470141732020278@00001085377

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 13.53

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Page 1 of 1                                Generated: 6/10/2022 10:31:31 AM